UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-62568

MISSY CASIMIR-CHERY,
an individual,

    Plaintiff,

v.

JTI (US) HOLDING INC.,
a foreign corporation, DIANE FOSTER,
an individual, and OLGA MAXIMENKO,
an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, MISSY CASIMIR-CHERY, through her undersigned counsel, BlueRock Legal, P.A., hereby files and serves this Complaint and Demand for Jury Trial and asserts the following claims for damages and other relief as alleged herein.

### Jurisdiction and Venue

    1.    The claims herein arise under federal law and this Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 (2020).

    2.    Plaintiff is a natural person and resides in Broward County, Florida.

    3.    Defendant JTI (US) HOLDING INC. (hereinafter, "JTI") is a foreign corporation with its principal place of business in Miami-Dade County, Florida.

    4.    Defendant DIANE FOSTER (hereinafter, "FOSTER") is a resident of Florida within the territory of the United States District Court of the Southern District of Florida, and committed the discriminatory and retaliatory acts complained of herein in Miami-Dade County, Florida.

5. Defendant OLGA MAXIMENKO (hereinafter, "MAXIMENKO") was, at all times material hereto, a resident of the State of Florida within the territory of the United States District Court for the Southern District of Florida, and committed the discriminatory and retaliatory acts complained of herein in Miami-Dade County, Florida.

6. Venue is appropriate in the Southern District of Florida because JTI is a resident of Miami-Dade County, Florida, is doing business in the Southern District of Florida, and the events which gave rise to the claims herein occurred in Miami-Dade County, Florida, and Defendants FOSTER and MAXIMENKO were residents of Miami-Dade County at all times material hereto.

### Racial Harassment and Retaliation

7. Plaintiff has at all times material hereto been an "employee" of JTI within the meaning of 42 U.S.C. §2000e(f) (2020) and a "person" within the meaning of 42 U.S.C. § 1981 (2020).

8. JTI has at all times material hereto been an employer within the meaning of 42 U.S.C. § 2000e(b) (2020).

9. Plaintiff is Black and is a member of a class of persons protected from discrimination, harassment and retaliation in her employment under 42 U.S.C. § 2000e et seq. (2020) and 42 U.S.C. § 1981 (2020).

10. Plaintiff was hired by JTI in January, 2018. Plaintiff was subjected to discriminatory practices on the basis of her race in the process of hiring her for employment with JTI. At the time she was hired, Plaintiff was the only Black employee in the office where she worked. FOSTER was Plaintiff's supervisor and was JTI's Human Resources Manager. FOSTER required Plaintiff to change her hair color to black as a condition to interviewing and hiring her for employment. Other White employees were not required to change their hair color as a condition of employment.

11. Plaintiff's job performance was exceptional at all times material hereto. Plaintiff was given extremely positive performance evaluations by JTI.

12. FOSTER and MAXIMENKO were Human Resources Managers in the office where Plaintiff worked. FOSTER and MAXIMENKO harassed Plaintiff on the basis of her race. FOSTER regularly berated her privately and in front of other employees, screamed at Plaintiff in front of others, and humiliated Plaintiff in front of others. FOSTER required Plaintiff to ask permission to leave the office at the end of every day and berated her when she did not do so. FOSTER told other employees that Plaintiff was "hired to fill a quota," referring to Plaintiff's race. FOSTER regularly and continuously embarrassed Plaintiff, barking orders at her in front of other employees. FOSTER forced Plaintiff to skip her lunch to attend meetings without any notice. FOSTER regularly called Plaintiff to private meetings to berate her about her job performance. FOSTER was continually surveilling Plaintiff around the office. Other White employees were not subjected to the same conduct.

13. MAXIMENKO regularly made racially disparaging remarks and gestures directed at Plaintiff. Referring to Plaintiff, MAXIMENKO on multiple occasions in front of other employees rubbed the back of her hand with her fingers as a pejorative reference to Plaintiff's race when she was referring to Plaintiff. MAXIMENKO told Plaintiff that Black people were like "aliens" to her. MAXIMENKO quizzed Plaintiff at a company social event about the color of her children's skin and the texture of their hair. MAXIMENKO made racially disparaging references about minority populations in local schools and neighborhoods in the presence of Plaintiff and FOSTER.

14. Plaintiff complained to FOSTER about MAXIMENKO. Plaintiff's complaint was dismissed by FOSTER with a comment that MAXIMENKO was "not a racist." FOSTER told Plaintiff of other incidents where MAXIMENKO commented about how she perceived that Black

women "change their hair so frequently" but that MAXIMENKO was not racist. Other racially disparaging comments were made by FOSTER and MAXIMENKO about Plaintiff and others.

15. After less than a month working for Defendant, Plaintiff was displaying physical symptoms of emotional injuries. Plaintiff found herself retreating to a private place to cry. Within the first year of employment, Plaintiff was losing sleep at night, was continually stressed, and going to work with a sense of dread every day. Plaintiff has an autoimmune disorder that is made worse by anxiety and stress. During her first year of employment, Plaintiff began breaking out in skin flares, and painful burning skin, and other symptoms caused by her workplace harassment.

16. Plaintiff complained to other human resources personnel about FOSTER and MAXIMENKO. JTI immediately began retaliating against Plaintiff. No effective remedial action was taken. FOSTER intensified the hostile treatment and harassment toward Plaintiff.

17. By March and April of 2019, Plaintiff's physical and mental condition worsened as a result of her racially harassing and retaliatory work environment to the point that she was periodically being treated in her local hospital's emergency room. Plaintiff's skin had become inflamed and painful to touch or in normal movement. Plaintiff was advised by her healthcare providers to manager her stress levels associated with work because her work environment was taking a dangerous toll on her health. By the end of April, Plaintiff's physical condition had deteriorated to the point where Plaintiff did not recognize herself in the mirror. Others in Defendant's offices began commenting on Plaintiff's then-apparent deteriorated condition.

18. On April 24, 2019, FOSTER wrote an email to other employees of JTI in which she acknowledged complaints in Defendant's Miami offices of "discrimination and harassment within our local organization" and that there was a "hostile work environment" and employee complaints that that employees needed to be treated as "equals" regardless of "race."

19. A week later, Plaintiff was admitted to the hospital. Plaintiff had a physical mass that had developed on her head, her body was swollen and inflamed everywhere, her vision was impaired because of the swelling surrounding her eyes, and she was in intense pain. Plaintiff believed that her life was in danger. Plaintiff's condition was caused by stress from her racially hostile and retaliatory work environment.

20. FOSTER visited Plaintiff's hospital room and badgered her about returning to work. MAXIMENKO also visited Plaintiff in her hospital room and, without any apparent concern for the gravity of Plaintiff's condition, laughed and joked in front of Plaintiff and her distressed family and friends.

21. Plaintiff was later discharged from the hospital and was advised to take leave of absence from work. FOSTER continually telephoned Plaintiff at home about work issues, suggesting that she work her full duties from home, and in a short time threatening her that she needed to return to the office regardless of her condition. Plaintiff responded that she could not walk and could not wear shoes. FOSTER asked Plaintiff "what shoes are you wearing to the doctor?" and told Plaintiff that she should wear "flip flops" to work.

22. Plaintiff applied for leave of absence under the Family and Medical Leave Act. FOSTER and JTI did not respond. Plaintiff sent a letter from her doctor recommending that Plaintiff be allowed to work from home. FOSTER did not respond.

23. Instead, FOSTER called Plaintiff nearly every day harassing her about coming back to work. Plaintiff had exhausted her vacation leave and, in fear of losing her job, returned to work on June 19, 2019.

24. FOSTER was given a $20,000 increase in pay for 2019. Plaintiff requested a $2,000 pay increase and was denied. Plaintiff was transferred to the Finance department on the JTI's organizational chart, but was still being supervised and managed by human resources and

was still receiving assignments from FOSTER. Plaintiff was then reporting to the head of the human resources function in Miami.

25. Over the next months, FOSTER retaliated against Plaintiff, and was increasingly dismissive, rude, threatening and disrespectful toward her. FOSTER told Plaintiff that she should start looking for another job. FOSTER showed Plaintiff advertisements for other positions with other employers and FOSTER suggested that she apply for them. FOSTER told Plaintiff that her job duties were going to be taken away from her. JTI locked Plaintiff out of some of JTI's computer systems that she needed in order to do her job. FOSTER's harassment of Plaintiff continued and worsened.

26. Plaintiff had repeatedly complained of discrimination and retaliation to JTI's human resources department and no prompt nor effective remedial action was taken by JTI. On March 3, 2020, Plaintiff complained to JTI's Compliance Department. Nearly two months later, at the end of April, 2020, Plaintiff received an email stating that the "investigation" would begin.

27. In July, 2020, the Compliance investigation had not been completed but was apparently underway. Plaintiff was on a video call unrelated to the investigation with JTI's executive in charge of human resources. JTI's human resources executive stared angrily at Plaintiff without saying anything. JTI's Vice President for Human Resources was visibly angry and implicitly threatened Plaintiff with termination stating that her situation was "not sustainable for the long term." Coupled with prior threats that Plaintiff should start looking for another job, Plaintiff interpreted this comment as a threat that she would be terminated from employment.

28. Plaintiff was notified on August 20, 2020, five months after she complained of race discrimination, harassment and retaliation, that the investigation was finished. There were no findings or remedies discussed in that notice. No apparent remedies were implemented.

29. On September 23, 2020, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission alleging race discrimination, race harassment and retaliation.

30. Plaintiff has suffered severe physical and mental injuries as a result of the facts alleged herein. Plaintiff has suffered substantial economic injuries which will continue into the foreseeable future.

31. Defendant engaged in discriminatory practices with malice or reckless indifference to Plaintiff's rights and, therefore, Plaintiff is entitled to punitive damages.

## COUNT I

### RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

32. Plaintiff adopts and incorporates by reference her allegations in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff is Black and a member of the class of persons protected under 42 U.S.C. § 1981.

34. Plaintiff was subjected to unwelcome racial harassment by FOSTER, MAXIMENKO and JTI as described in more detail herein.

35. The harassment was based on Plaintiff's race (Black).

36. The harassment unreasonably interfered with Plaintiff's work performance by creating an intimidating, hostile or offensive work environment.

37. Plaintiff perceived her work environment to be abusive.

38. A reasonable person would find Plaintiff's work environment was hostile and abusive.

39. The harassment was undertaken by FOSTER and MAXIMENKO who are members of Defendant's human resources department and JTI is strictly liable for their conduct.

40. JTI, FOSTER and MAXIMENKO violated Plaintiff's rights to be free from racial harassment under 42 U.S.C. §1981 as alleged herein.

41. Plaintiff has suffered severe physical, mental and economic injuries as a result of the harassment alleged herein.

42. JTI, FOSTER and MAXIMENKO engaged in discriminatory practices with malice or reckless indifference to Plaintiff's rights and, therefore, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against JTI, FOSTER and MAXIMENKO for economic losses, for mental and physical injuries, for lost wages and benefits, compensatory damages, punitive damages, prejudgment interest, equitable relief, costs and attorneys fees, and such other relief as the Court deems appropriate.

## COUNT II

### RETALIATION UNDER 42 U.S.C. § 1981

43. Plaintiff adopts and incorporates by reference her allegations in paragraphs 1 through 31 as if fully set forth herein.

44. Plaintiff engaged in an activity protected by 42 U.S.C. §1981;

45. Defendant was aware of Plaintiff's exercise of protected rights.

46. Plaintiff was subjected to severe or pervasive retaliatory harassment by JTI and FOSTER.

47. Plaintiff perceived her work environment to be abusive.

48. A reasonable person would find Plaintiff's work environment was hostile and abusive.

49. There was a causal connection between the protected activity and Plaintiff's retaliatory harassment.

50. The retaliatory harassment was undertaken by FOSTER and managers of JTI's human resources department and, therefore, JTI is strictly liable.

51. Defendant violated Plaintiff's rights to be free from retaliatory harassment under 42 U.S.C. §1981 as alleged herein.

52. Plaintiff has suffered severe physical, mental and economic injuries as a result of the retaliatory harassment alleged herein.

53. JTI and FOSTER engaged in discriminatory practices with malice or reckless indifference to Plaintiff's rights and, therefore, Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff demands judgment against JTI and FOSTER for economic losses, for mental and physical injuries, for lost wages and benefits, compensatory damages, punitive damages, prejudgment interest, equitable relief, costs and attorneys fees, and such other relief as the Court deems appropriate.

## COUNT III

### OVERTIME COMPENSATION UNDER THE FLSA

54. Plaintiff adopts and incorporates by reference her allegations in paragraphs 1 through 31 as if fully set forth herein.

55. JTI was an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) (2020).

56. Plaintiff was "employed" and was an "employee" within the meaning of the FLSA.

57. Plaintiff was employed by JTI as "HR Administration/Facilities Coordinator" to provide administrative support to FOSTER, JTI's Human Resources Manager.

58. Plaintiff regularly worked more than 40 hours per week during the three year period preceding this lawsuit.

59. Plaintiff was not paid overtime for hours worked over 40 in a workweek.

60. JTI's failure to pay overtime was willful.

61. JTI did not keep accurate time records showing the number of hours worked by Plaintiff as required by the FLSA.

WHEREFORE, Plaintiff demands judgment in her favor for unpaid overtime compensation, an equal amount as liquidated damages, attorneys fees, costs, prejudgment interest, and such other relief as deemed appropriate by the Court.

62. Plaintiff respectfully reserves the right to amend her Complaint to include claims for discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (2020) upon the issuance of a Notice of Right to Sue by the Equal Employment Opportunity Commission.

63. Plaintiff demands a jury trial on all issues so triable.

>BlueRock Legal, P.A.
>Counsel for Plaintiff
>10800 Biscayne Boulevard, Suite 410
>Miami, FL 33161
>Phone:  (305) 981-4300
>Fax:     (305) 981-4304
>E-mail: fhenry@bluerocklegal.com
>
>By:     /s/ Frank H Henry
>     Frank H. Henry
>     Florida Bar No. 956554