UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62568-BLOOM/VALLE

MISSY CASIMIR-CHERY,

    Plaintiff,

v.

JTI (US) Holding Inc., a
foreign corporation, et al.,

    Defendants.

_____

## OMNIBUS ORDER ON DISCOVERY MOTIONS

THIS CAUSE comes before the Court upon: (i) Defendant JTI (US) Holding Inc.'s Expedited Motion for Protective Order (ECF No. 42); (ii) Plaintiff's Expedited Motion for Protective Order (ECF No. 44); and (iii) Defendant JTI's Motion to Compel Discovery from Plaintiff (ECF No. 46). Having reviewed the Motions, the Responses (ECF Nos. 45, 49, 50), and Replies (ECF Nos. 51, 52), and being duly advised in the record, it is hereby **ORDERED AND ADJUDGED** as set forth below.

### I.     BACKGROUND

On January 27, 2021, Plaintiff filed her Amended Complaint alleging claims against Defendant JTI (US) Holding Inc ("Defendant" or "JTI") for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981. *See generally* (ECF No. 32). The Amended Complaint also alleges an overtime compensation claim under the Fair Labor Standards Act. *Id.* ¶¶ 54-61. In several counts, Plaintiff seeks "economic losses, for mental and physical injuries, for lost wages and benefits,

compensatory damages, punitive damages, prejudgment interest, equitable relief, costs and attorney's fees, and such other relief as the Court deems appropriate." *Id*. at 8, 9, 11.

## II.    DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF NO. 42)

Under Rule 26, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  In addition to finding good cause, a court issuing a protective order must also be satisfied that, on balance, the interests of the party seeking the protective order outweigh the interests of the opposing party.  *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Here, Defendant seeks a protective order to preclude the deposition of Daniela Argirova, which is currently noticed for June 11, 2021 via Zoom.  (ECF No. 42 at 1).  According to Defendant, Ms. Argirova is a "non-party" and "not employed by Defendant JTI." *Id.* at 2 n.3.  Defendant asserts that Ms. Argirova resides and works in Switzerland, and that Swiss law makes it "a crime to depose a Swiss resident on Swiss soil" under Article 271 of the Swiss Criminal Code. *Id.* at 2.  Nonetheless, Defendant acknowledges that it "has assumed out of an abundance of caution that Ms. Argirova is a managing agent of Defendant JTI."  *Id*.  Defendant also concedes that Ms. Argirova has "discoverable knowledge relevant to Plaintiff's allegations and defenses." *Id.*

Having reviewed the facts and applicable law, the undersigned finds that Defendant's motion fails for several reasons.  First, Defendant's decision to treat Ms. Argirova as a "managing agent" brings this case in line with other cases in this District in which courts have permitted the deposition of a witness in Switzerland or elsewhere when, as here, the witness was found to be a managing agent for the corporate defendant.  *See Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2008 WL 4487679, at *3-4 (S.D. Fla. Sept. 29, 2008); *see also In re Takata Airbag Prod. Liab. Litig.*, No. 15-02599, 2017 WL 8812735, at *3, *10 (S.D. Fla. July 19, 2017), *report*

*and recommendation adopted*, No. 14-24009-CV, 2018 WL 1859338 (S.D. Fla. Feb. 6, 2018) (compelling the deposition of a "managing agent" after conducting five factor inquiry, including the individual's general power to exercise discretion and responsibility, whether the individual was expected to testify at the employer's request, whether there are others with greater authority regarding the information sought, and whether the witness identifies with the interests of the corporation). Second, Defendant states that Ms. Argirova is a Vice President at JT International SA. (ECF No. 42 at 2). Defendant, however, fails to expand on whether JT International SA and JTI are corporate affiliates, which affiliation may result in Ms. Argirova being subject to Defendant's "custody or control." *See, e.g., Costa v. Kerzner Int'l Resorts, Inc.,* 277 F.R.D. 468, 471 (S.D. Fla. 2011) (granting motion to compel discovery where corporate affiliates were sufficiently related to meet the "custody and control" inquiry); *Alcan Int'l Ltd. v. S.A. Day Mfg. Co.*, 176 F.R.D. 75, 79 (W.D.N.Y. 1996) (granting motion to compel discovery and deposition of employee based on the affiliation between the defendant and the corporation). Lastly, and importantly, contrary to Defendant's argument, Swiss law does not preclude *voluntary* discovery where a party would be subject only to procedural consequences rather than criminal sanctions. *See EFG Bank AG v. AXA Equitable Life Ins. Co.*, No. 17-CV-4767 (JMF), 2018 WL 1918627, at *2 (S.D.N.Y. Apr. 20, 2018).

In sum, Defendant has failed to meet its burden to show good cause for a protective order to preclude the deposition of Ms. Argirova. Accordingly, Defendant's motion for a protective order is **DENIED**.[1] Nonetheless, the undersigned is mindful of the logistical challenges involved in any deposition, which are exacerbated when the deponent resides abroad during the COVID-19

---

[1] Defendant's request for "costs, expenses, and legal fees incurred in preparing and presenting the Motion" is also **DENIED**. (ECF No. 51 at 6).

pandemic. Accordingly, absent agreement of the parties, the deposition scheduled for June 11, 2021, is cancelled.[2] Rather, within seven (7) days from the date of this Order, the parties must telephonically meet and confer to select a mutually agreeable date and procedure to depose Ms. Argirova (whether in Switzerland or elsewhere). The deposition should proceed within 60 days from the date of this Order, but in no event beyond the current discovery deadline in the Court's Scheduling Order. *See* (ECF No. 29). Lastly, after considering the parties' financial resources, Defendant's potential use of Ms. Argirova as a witness at trial, (ECF No. 42 at 5), "willing[ness] to arrange for Ms. Argirova['s] [deposition] prior to trial," (*Id.*), and the equities in the case, the undersigned concludes that the deposition and travel-related costs for deposing Ms. Argirova should be split between the parties.[3]

### III.   DEFENDANT'S MOTION TO COMPEL DISCOVERY (ECF NO. 46)

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While the scope of discovery under the Federal Rules is broad, parties may not engage in a fishing expedition to obtain evidence to support their claims or defenses. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

Here, Defendant seeks to compel Plaintiff's response to Request for Production No. 27, which seeks:

> *Any and all Documents* [Plaintiff has] received from any potential employer, headhunter or employment agency [from December 1, 2017 to the present]

---

[2] Rescheduling the deposition is consistent with counsel's correspondence suggesting that Plaintiff had previously agreed to withdraw the notice of deposition for Ms. Argirova based on Defendant's representation that she would be deposed before the October 19th discovery deadline. *See* (ECF No. 51 at 8).

[3] Plaintiff's "cross-motion" within her Response (ECF No. 45 at 1, 5-6) to exclude the testimony of Ms. Argirova is premature. Accordingly, Plaintiff's request is **DENIED**.

> including, but not limited to, all employment application forms, *business cards, postcards,* letters, e-mail, faxes, rejection letters, letters responding to applications, offers of employment or *other documents.*

(ECF No. 46 at 2) (emphasis added).

Plaintiff argues that the employment records are irrelevant and not related to the claims at issue, but are meant to harass Plaintiff.[4] (ECF No. 49 at 1, )  Plaintiff's arguments, however, are unsupported by the allegations in the Amended Complaint in which Plaintiff seeks "economic losses, . . . lost wages and benefits, compensatory damages, punitive damages, prejudgment interest, equitable relief, costs and attorney's fees, and such other relief as the Court deems appropriate." (ECF No. 32 at 8, 9, 11).  Indeed, faced with similar allegations, the undersigned and other courts have found that employment records may be relevant to a plaintiff's claim for economic damages, including lost wages, loss of earning capacity, and mental anguish. *See, e.g.*, *Feise v. N. Broward Hosp. Dist.*, No. 14-CV-61556, 2015 WL 13309321, at *3 (S.D. Fla. Apr. 27, 2015) (granting motion to compel personnel and employment records); *see also Stevenson v. Johnson Bros Corp.*, No. 2:18-CV-1702-RDP, 2019 WL 1083781, at *4 (N.D. Ala. Mar. 7, 2019) (concluding that employment applications may provide relevant information regarding the reasons for plaintiff's departure); *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 4040507, at *4 (S.D. Fla. June 30, 2015) (ordering that current and prior employers produce numerous employee records, including application and performance evaluations).

---

[4] Plaintiff complains that Defendant is seeking "to take discovery about and from her current employer" simply to harass Plaintiff. (ECF No. 49 at 2). Plaintiff argues that "Defendants are intending to send a subpoena to Plaintiff's current employer to disclose the existence of this lawsuit under the pretense of discovery," and that there is "no good reason [for this] other than pure harassment." *Id.* at 5.  Plaintiff's arguments, however, miss the mark as unresponsive to Defendant's motion to compel *Plaintiff's* response to Request for Production No. 27.

5

Despite the potential relevance of the requested documents, Defendant's Request No. 27 is overbroad as written. Thus, Defendant's Motion to Compel production of documents responsive to Request for Production No. 27 is **GRANTED IN PART**, as limited below. Accordingly, within seven (7) days from the date of this Order, Plaintiff must produce all employment applications, letters, e-mails, faxes, rejection letters, letters responding to applications, or offers of employment from any potential employer between December 1, 2017 to the present. The remainder of Request for Production No. 27 is **DENIED**.

### IV.  PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF NO. 44)

Initially, the parties disagreed on a date for Plaintiff's deposition. *See generally* (ECF No. 44). However, the Joint Status Report reflects that "the parties have agreed to reschedule Plaintiff's deposition for June 18th via Zoom." (ECF No. 53 at 2). Accordingly, Plaintiff's motion is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on June 3, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:   U.S. District Judge Beth Bloom
      All Counsel of Record